08-5772-ag
Barry v. Holder

BIA
Balasquide, IJ
A079 587 755

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of December, two thousand nine.

PRESENT:

> DENNIS JACOBS,
> > _Chief Judge_,
> JON O. NEWMAN,
> DEBRA ANN LIVINGSTON,
> > Circuit Judges.

_____

IBRAHIMA BARRY,
> Petitioner,

v.                                          08-5772-ag
                                            NAC

ERIC H. HOLDER, JR.,[1]
UNITED STATES ATTORNEY GENERAL,
> Respondent.

_____

FOR PETITIONER:          Ronald S. Salomon, New York, New York.

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

**FOR RESPONDENT:** Tony West, Assistant Attorney General, Civil Division; Terri J. Scadron, Assistant Director; Siu P. Wong, Trial Attorney; Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Ibrahima Barry, a native and citizen of Mauritania, seeks review of an October 28, 2008 order of the BIA affirming the January 31, 2007 decision of Immigration Judge Javier Balasquide, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). In re Ibrahima Barry, No. A079 587 755 (B.I.A. Oct. 28, 2008), aff'g No. A079 587 755 (Immig. Ct. N.Y. City Jan. 31, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see, e.g., Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir. 2008). Questions of law and the application of law to undisputed fact are reviewed de novo. Salimatou Bah v. Mukasey, 529 F.3d 99, 104 (2d Cir. 2008).

The agency's adverse credibility determination is supported by substantial evidence. See Corovic, 519 F.3d at 95. The IJ identified the following five discrepancies in the record: (1) Barry stated in his asylum application that he was arrested in 1986 because of an FLAM manifest, but testified that he was arrested because he attended an FLAM rally; (2) he stated in his asylum application that both he and his brother were arrested on another occasion in 1986, but he testified that only his brother was arrested at that time; (3) he stated in his asylum application that he was arrested once in 1992 and detained for two weeks, but testified variously that he was arrested twice in 1992 and detained for one month, that he was detained for two months, and that he was detained for only

two weeks; (4) he stated in his asylum application that he was arrested in 2000 because he was a member of the Popular Front party, but testified that he was arrested in 2000 because he attended an election rally and not because of his membership in the party; and (5) he submitted an ID card indicating that he became a member of the Popular Front party in 1999, but testified that he did not become a member until 2000. These were each discrepancies that went to the heart of Barry's claim because they call into question whether Barry was politically active and whether he was persecuted on that basis. See Hongsheng Leng v. Mukasey, 528 F.3d 135, 141-42 (2d Cir. 2008).

When asked to clarify the discrepancies, Barry testified that the person who prepared his asylum applications must have been confused and misunderstood. However, because Barry had the opportunity to review his application and correct any mistakes, no reasonable fact finder would be compelled to accept his explanation. See Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir. 2005).

Ultimately, we find no error in the IJ's adverse credibility determination. Thus, the IJ properly denied Barry's application for asylum, withholding of removal, and CAT relief because the only evidence of a threat to Barry's life or freedom depended on his credibility. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir. 2006); See Xue Hong Yang v. U.S. Dep't of Justice, 426 F.3d 520, 523 (2d Cir. 2005).

Finally, Barry argues that he was entitled to relief because there is a pattern and practice of persecution against blacks in Mauritania. However, because Barry did not exhaust this argument before the BIA, we decline to consider it. Lin Zhong v. U.S. Dep't of Justice, 480 F.3d 104 at 107 n.1(b) (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____